## BAKER v. VARNEY et al. (WILLIAMS, Intervener).*

### Sac. No. 567; January 13, 1900.

#### 59 Pac. 778.

**Appeal.—A Party Who is not Injured by a Judgment** cannot be heard to complain on appeal from an order denying him a new trial.

**Trial.—Where an Objection to Testimony,** which is admissible for some purposes, is general, the court's failure to limit it is not error if counsel do not ask that it be limited.

APPEAL from Superior Court, Sutter County.

Action by G. W. Baker, as receiver, against Mabel Brett Varney and others. There was a judgment for plaintiff, and from an order denying her motion for a new trial defendant Mabel Brett Varney appeals. Affirmed.

J. H. McKune and R. Platnauer for appellant; Richard Belcher for respondent; A. M. Johnson for intervener and respondent.

CHIPMAN, C.—Plaintiff brings this action, as receiver in the foreclosure suit brought by the intervener against defendant Ellwood Varney, to recover possession of certain livestock, claimed to be rents, issues and profits of the mortgaged premises, for an accounting with defendants, and for an injunction to restrain defendants from disposing of said livestock or dividing the same among defendants, and for general relief. Plaintiff had judgment. Defendant Mabel Varney moved for a new trial, and appeals from the order denying her motion.

---

*For subsequent opinion in bank, see 129 Cal. 564, 79 Am. St. Rep. 140, 62 Pac. 100.

There is no appeal by any other defendant, and no appeal from the judgment. Mabel Varney was made a defendant because she claimed to own the property the subject of the action. The court found that the property belonged to defendant Ellwood Varney, and that appellant at no time had any interest in it. A careful examination of the evidence convinces us that it justifies this finding. Whether the receiver was properly appointed, and could, under his appointment, take possession of and hold the rents, issues and profits of the mortgaged land, and apply them to the payment of the mortgage debt, are questions which do not concern appellant in view of the finding referred to above. If the court erred in its conclusions, appellant was not injured, and hence cannot be heard to complain. This view of the matter makes it unnecessary to discuss the numerous interesting questions presented in the briefs.

The witness Smith was asked whether she heard Ellwood Varney say anything about the ownership of the livestock now claimed by his wife, Mabel, and, if so, what he said. Defendant Mabel Varney objected to the question as irrelevant and incompetent, and that what was said does not purport to be in presence of Mabel Varney, who claimed to own the livestock. The principal question of fact was whether the husband or the wife owned the property. When this testimony was offered, the husband had not testified in the case, and therefore it was not admissible to contradict or impeach him. Nor was it admissible as against his wife. It was only competent as a declaration affecting him and his rights, and should have been so limited by the court. The objection, however, was general, and, when made in that form, and the court failed to limit the application of the testimony, it was the duty of counsel to ask to have it so limited since it was admissible for some purposes. What has been just said applies to the ruling made when plaintiff was called as a witness, and was asked to state a conversation he had with Ellwood Varney.

It appeared from the evidence that the receiver was awarded possession of the rents which had accrued prior to his appointment, and which had not as yet been paid over to Varney by the tenant, as well as rents accruing and to accrue after his appointment. We very much doubt his right to rents which had accrued prior to his appointment. But, as there is no appeal by Varney, or by anyone other than Mrs. Varney, who the court found had no interest in or right to the property,

the question need not be determined. Whatever may be the right of the receiver to the property, Mrs. Varney has none, and cannot be heard to complain of the judgment. If it be claimed that she got some right by the division of the rents made on October 17, 1896, referred to in the findings, it must rest upon the assumption that the cattle were hers when first purchased for the purpose of stocking the farm. But the court found, and the evidence justified the finding, that her husband was the real purchaser and owner at that time, and the court also found that it was community property, which is justified by the evidence, even though it be conceded that the property was purchased for her account. The evidence showed that it was paid for from the rents of the farm. In no view of the case can we see that appellant is personally concerned in or injured by the judgment. It is advised that the order denying the new trial be affirmed.